UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PRADEEP B. GUPTE,

                Plaintiff,

v.                              24 cv 835 (JAM)

ALBERTUS MAGNUS COLLEGE,

                Defendant.

**AMENDED COMPLAINT**

Pro se Plaintiff[1] Pradeep B. Gupte hereby alleges for his Complaint the following:

1. This is an action to remedy Defendant's violation of Plaintiff's rights pursuant to Title VII, 42 U.S.C. § 2000e *et seq.*, and the Connecticut Fair Employment Practices Act, Conn. Gen. Statute § 46a-60 (the "CFEPA").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to this Complaint took place in this district.

**PARTIES**

4. Plaintiff Pradeep B. Gupte is an individual residing in Connecticut with many years' experience teaching college science lecture and laboratory courses, including in his specialty, chemistry.

---

[1] This pleading was prepared with the help of an attorney with the Federal Pro Se Legal Assistance Program at New Haven Legal Assistance Association.

1

5. Defendant Albertus Magnus College is a 501(c)(3) non-profit corporation and educational institution located in New Haven, Connecticut. At all times relevant to this Complaint, Defendant employed 15 or more employees.

**FACTS**

6. At all times relevant to this Complaint, Plaintiff possessed the following graduate degrees: Masters of Science in Chemistry from American University (Washington, D.C.), Technical Masters in Material Science from Indian Institute of Technology (Bombay, India), and Masters of Science in Inorganic Chemistry from University of Bombay (Bombay, India).

7. Plaintiff has many years' experience teaching college-level science courses, including at the following higher education institutions: Capital Community College (Hartford, Connecticut), University of Bridgeport (Bridgeport, Connecticut), Central Connecticut State University (New Britain, Connecticut), Norwalk Community College (Norwalk, Connecticut), Western Connecticut State University (Danbury, Connecticut), Quinebaug Valley Community College (Danielson, Connecticut), and Eastern Connecticut State University (Windham, Connecticut).

8. Plaintiff's degrees and teaching experience qualified him to teach a number of science courses at the college level, including chemistry, biology, and physics.

9. Approximately twenty years ago, Plaintiff taught a one-semester science course at Defendant Albertus Magnus College. That time Plaintiff did not receive any **"Loudermill Hearing" (Supreme Court Case)** for his termination. My constitutional rights are violated.

10. At that time, Plaintiff, who is of Indian national origin with a Brown complexion, and Indian **accent** noticed few, if any, non-white faculty and instructors at Defendant.

11. Defendant Albert Magnus College, on its website, describes itself as follows: "Albert Magnus College is a Catholic college founded by the Dominican Sisters of Peace."

12. Plaintiff's religion is Hindu, with a different accent, and Plaintiff identifies his race as Asian Indian.

13. This college is predominantly a **female college** with 80% female population and 20% male population( **sex is an issue: Title VII).** This is on Defendant's website.

14. On or about December 9, 2015, Plaintiff applied for the position of Instructor of chemistry at Defendant. Plaintiff was highly qualified for this position. Nonetheless, Defendant did not interview or hire Plaintiff.

15. On or about February 10, 2017, Plaintiff applied for the position of Instructor of chemistry at Defendant. Plaintiff was highly qualified for this position. Nonetheless, Defendant did not interview or hire Plaintiff.

16. On or about July 5, 2018, Plaintiff applied for the position of Instructor of Chemistry at Defendant. Plaintiff was highly qualified for this position. Nonetheless, Defendant did not interview or hire Plaintiff.

17. On or about April 21, 2019, Plaintiff applied for the position of Instructor of Physics at Defendant. Plaintiff was highly qualified for this position. Nonetheless, Defendant did not interview or hire Plaintiff.

18. On or about August 8, 2023, Plaintiff applied for the position of Instructor of Chemistry at Defendant. Plaintiff was highly qualified for this position. Nonetheless, Defendant did not interview or hire Plaintiff.

19. On or about August 19, 2023, Plaintiff applied for the position of Instructor of Biology at Defendant. Plaintiff was highly qualified for this position. Nonetheless, Defendant did not interview or hire Plaintiff.

20. Defendant did not interview or hire Plaintiff for these positions because it was motivated by discriminatory animus on the basis of Plaintiff's national origin, color, sex, race, and/or religion.

21. Defendant's discriminatory actions caused Plaintiff serious emotional harm and suffering.

22. Defendant's failure to hire Plaintiff also caused Plaintiff to suffer economic losses.

23. On or about September 8, 2023, Plaintiff filed a discrimination charge with the Connecticut Human Rights and Opportunities Commission (the "CHRO"). The charge was cross-filed with the Equal Employment Opportunity Commission (the "EEOC").

24. Plaintiff's CHRO charge was timely filed insofar as it was filed within 300 days of the Defendant's last discriminatory acts against Plaintiff.

25. Plaintiff received a Release of Jurisdiction from the CHRO on or about April 29, 2024.

26. Plaintiff received a Right to Sue letter from the EEOC shortly after he received the Release of Jurisdiction from the CHRO.

27. Plaintiff timely commenced this lawsuit within 90 days of receipt of Plaintiff's Release of Jurisdiction from the CHRO and the EEOC.

### FIRST CAUSE OF ACTION
### Failure to hire in violation of Title VII

28. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

29. On or about August 8, 2023, Plaintiff applied for the position of Instructor of chemistry at Defendant Albertus Magnus College.

30. Plaintiff was highly qualified for the position such that no reasonable person exercising impartial judgment could have selected the chosen candidate over Plaintiff.

31. Defendant did not hire Plaintiff.

32. Defendant was motivated by discriminatory animus in declining to hire Plaintiff.

33. Defendant's actions harmed Plaintiff by causing Plaintiff to suffer economic and emotional harm.

### FEW IMPORTANT CASES:

1) Harris v Mills (2nd Circuit): A court must accept as true all the allegations contained in the complaint.

2) Ashcroft v Iqbal (**556 US 662**), **Supreme Court:** To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.

3) Bell Atlantic V Twombly, **Supreme Court:** Primary Holding.

4) **Noffsinger v SSC Niantic Operating Co,** Your Honor, this was your case and you approved it for **emotional distress.**

5) Fort Bend County, TX v Davis (**18-525**, SUPREME COURT), **(9-0),** Opinion: **Ginsburg**: TitleVII's charge filing requirement is not Jurisdictional.

5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter a judgment against the Defendant:

a) Economic damages;

b) Compensatory damages;

c) Punitive damages;

d) An award of Plaintiff's reasonable costs; and

e) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Date: 12/9/24

Pradeep B. Gupte

Pro Se Plaintiff
299 Rte. 87, 2C
Columbia, CT 06237
(959) 283-1652

## CERTIFICATE OF SERVICE

I affirm that I served by U.S. mail a true and correct copy of the foregoing upon opposing counsel, Lori B. Alexander, Littler Mendelson, P.C., One Century Tower, Suite 300, 265 Church St., New Haven, CT 06510.

Date: 12/9/24

Pradeep B. Gupte

Pro Se Plaintiff
299 Rte. 87, 2C
Columbia, CT 06237
(959) 283-1652

P Bgupte
299 Rt 87, 2C
Columbia
CT 06237



Office of the Clerk
US district court
141 Church St
New Haven
CT 06510

