# US District Court

# District of Connecticut

..................................................................................................................................

Pradeep Gupte                                                                                    3:24-cv-00835

V-

Albertus Magnus College                                                                2/8/2025

..................................................................................................................................

PLAINTIFF is a **prose** litigant. I respectfully request leave of the court to add one document.

Please look at these Supreme Court documents: Ashcroft v Iqbal (**556US 662**) and Bell Atlantic v Twombly (**550 US 544**), **Primary Holding………. exhibit-c**

Please also look at **exhibit-a**. Defendant's statements are antagonistic to each other.

Very truly yours,

*[signature]*

Pradeep Gupte


**CERTIFICATION:**

I hereby certify that I have sent one copy of this document to the defendant, Lori Alexander, at Littler-Mendelson by USPS on 2/8/2025.


Very truly yours,

*[signature]*

Pradeep Gupte

**Plaintiff**

# exhibit-a



5:58

73%

File 100% free on the app
Ad · Switch to TurboTax, do it yours...

4. Religion is also an issue. My religion is different.

**RESPONSE: Paragraph 4 is denied. Religion is not an issue in hiring decisions at the College. In addition, the College has no knowledge of Complainant's religion, which he does not identify here.**

5. I am not a white-race person.

**RESPONSE:** Respondent is without knowledge or information sufficient to admit or deny and leaves Complainant to his proof.

6. I am highly qualified person.

**RESPONSE:** Respondent cannot respond to this allegation, because Complainant does not identify the position to which he is referring. Therefore, Respondent is without knowledge of information sufficient to admit or deny whether Complainant was or is "qualified." In addition, Respondent cannot admit or deny whether Complainant was "qualified" since Complainant has not provided any information about his background or qualifications for any college teaching position that Respondent had available and for which he applied.

7. Last time I applied was on or about August 8, 2023.

**RESPONSE:** Respondent denies the allegations in Paragraph 7. Respondent reviewed Complainant's previous employment applications and his last inquiry about a being hired was on April 23, 2019, and his inquiry was not an application for any particular position. *See* Exhibit B (stating simply that that he "want[ed] to apply for a parttime teaching position in your school").

2



> Please look at next 2 pages All 3 pages are contradictory to each other & defy Logic.

> If that college hired me about 24 yrs ago; it is obvious I am more qualified now!

### AFFIRMATIVE DEFENSES

Respondent asserts the following defenses, without assuming any burden of proof it does not have as a matter of law.

1. The Complaint is untimely under Connecticut General Statutes Section 46a-82(f)(2).

6:09 · 71%

Switch to TurboTax and file 10...
Ad · Switch to TurboTax, do it yours...

Shawn Burns
December 4, 2023
Page 5

C. **Conclusion**

The Complainant worked for the College approximately 24 years ago, for one semester as an adjunct professor in the College's biology department. According to the College's records, **the Complainant last applied for a teaching position at the College on or about April 23, 2019, and as such, Complainant's claim is approximately three and a half years too late and time-barred as a matter of law.** As outlined in *Jones*, *Williams*, and under Connecticut General Statutes § 46a-82(f)(2), this Complaint must be dismissed because it is untimely. Even if it were timely — which is denied — the Complaint should be dismissed because Complainant has not even minimally identified any particular position he applied for, much less presented any facts to support a claim that he was more qualified than the successful applicant and that he was not selected because of his religion.

For all of these reasons, the College requests that Complainant's Complaint be dismissed on merit assessment. If you would like any additional information from the College, we are happy to provide it.

Sincerely,

*Lori B. Alexander*
Lori B. Alexander

LBA
Enclosures

Handwritten annotations:

→ "This means college has my 'resume' somewhere in their IT-system or computer (HR-Dept)"

"I worked during 1999, it is documented"

→ "It is documented in my Exhibit-A that my resume was forwarded to 'appropriate person/dept.' (next page)"

→ "This means the College forwarded my resume To Science Dept or Chemistry Dept which also means the College knows that I am a 'Professor' of Chemistry ↓ please look at next page."

※ "please look at this 'Supreme Court' document → 18-525 (9-0) → Fort Bend County, TX v Davis → Title VII's charge filing requirement is not jurisdictional (Respondents claim for administrative remedies is not valid) (9-0)(Opinion: Ginsburg)

exhibit - C"



## **exhibit-b**

# Albertus Magnus College

Coordinates: 41.332418°N 72.923909°W

**Albertus Magnus College** *is a* private Roman Catholic university in New Haven, Connecticut. It was founded in 1925 by the Dominican Sisters of St. Mary of the Springs (now Dominican Sisters of Peace). Its campus is in the Prospect Hill neighborhood of New Haven, near the border with Hamden.

[handwritten annotation: religion is an issue → Title VII]

## History

Albertus Magnus College was founded in 1925 by the Dominican Sisters of St. Mary of the Springs. The dedication speaker was James Rowland Angell, the president of nearby Yale University. All classes and offices were first housed in Rosary Hall, a Palladian-style mansion that has since been converted for use as the institution's main library. The college's first chaplain, Rev. Artur Chandler, stated that the college's initial goal was to educate women "to become thinkers and leaders and the noble among the ladyhood of the future."[1]

[handwritten annotation: Sex is an issue (Title VII)]
[handwritten annotation: Sex is an issue → Title VII]

By 1940 the campus had expanded to its current 50 acre size and absorbed a variety of surrounding gilded-era mansions for use as dormitories and office space. The school became known for its strict liberal arts curriculum that required four years of Latin or Greek study.

Originally a women's college, the institution became coeducational in 1985 to some controversy, led by its longtime president Julia M. McNamara, Albertus Magnus College was the last Connecticut college to go co-ed. The 1980s also brought a series of construction projects to the campus, including new classroom space and a new athletic center. The first graduate program, a Master of Arts in Liberal Studies, was offered in 1992.

[handwritten annotation: Sex is an issue]
[handwritten annotation: Sex is an issue (Title VII)]

## Organization

Albertus Magnus is presided over by a board of trustees. A 1968 reorganization of this leadership opened 80% of spots to secular personnel while continuing to reserve 20% for members of the Dominican Sisters of Peace.

[handwritten annotation: Sex, religion (Title VII)]

## Academics

In addition to undergraduate majors, minors and concentrations, including pre-professional preparation, there are graduate programs in art therapy, mental health counseling, addiction counseling, leadership, liberal studies, fine arts in creative writing, human services, business administration, education, and management and organizational leadership.

As of 2022, the university has a 100% acceptance rate with a student body that is 15% male and 85% female [2]

## Campus

Name/Nombre

PRADEEP B GUPTE

Medicare Number/Número de Medicare

8ND4-R39-WT85

Entitled to Con derecho a

HOSPITAL (PART A) MEDICAL (PART B)

Coverage starts/Cobertura empleza

11-01-1999

07-01-2006

As of 2022, the university has a 100% acceptance rate with a student body that is 15% male and 85% female [2]

*[handwritten annotation: Sex is an issue → Title VII]*
*[handwritten annotation: "I am a male"]*

## Campus

Name/Nombre

**PRADEEP B GUPTE**

Medicare Number/Número de Medicare

**8ND4-R39-WT85**

Entitled to Con derecho a
**HOSPITAL (PART A) MEDICAL (PART B)**

Coverage starts/Cobertura empleza
**11-01-1999**
**07-01-2006**

## exhibit-c

# Ashcroft v. Iqbal, 556 U.S. 662 (2009)

**Docket No.**07-1015

**Granted:**June 16, 2008

**Argued:**December 10, 2008

**Decided:**May 18, 2009

**Annotation**
**Primary Holding**

When considering a motion to dismiss for failing to state a claim, a court should accept the facts pleaded in the complaint as true unless facts merely restate legal conclusions.

Read More

**Syllabus**

# Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)

**Docket No.** 05-1126

**Granted:** June 26, 2006

**Argued:** November 27, 2006

**Decided:** May 21, 2007

**Annotation**
**Primary Holding**

There must be sufficient facts in a complaint to state a claim to relief that is plausible on its face for it to avoid dismissal for failing to state a claim.

(Slip Opinion) OCTOBER TERM, 2018 1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## FORT BEND COUNTY, TEXAS *v.* DAVIS

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 18–525. Argued April 22, 2019—Decided June 3, 2019

Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment on the basis of race, color, religion, sex, or national origin. 42 U. S. C. §2000e–2(a)(1). The Act instructs a complainant, before commencing a Title VII action in court, to file a charge with the Equal Employment Opportunity Commission (EEOC or Commission). §2000e–5(e)(1), (f)(1). On receipt of a charge, the EEOC is to notify the employer and investigate the allegations. §2000e–5(b). The Commission may "endeavor to eliminate [the] alleged unlawful employment practice by informal methods of . . . conciliation." *Ibid.* The EEOC also has first option to "bring a civil action" against the employer in court. §2000e–5(f)(1). But the Commission has no authority itself to adjudicate discrimination complaints. If the EEOC chooses not to sue, and whether or not the EEOC otherwise acts on the charge, a complainant is entitled to a "right-to-sue" notice 180 days after the charge is filed. *Ibid.*; 29 CFR §1601.28. On receipt of the right-to-sue notice, the complainant may commence a civil action against her employer. §2000e–5(f)(1).

Respondent Lois M. Davis filed a charge against her employer, petitioner Fort Bend County. Davis alleged sexual harassment and retaliation for reporting the harassment. While her EEOC charge was pending, Fort Bend fired Davis because she failed to show up for work on a Sunday and went to a church event instead. Davis attempted to supplement her EEOC charge by handwriting "religion" on a form called an "intake questionnaire," but she did not amend the formal charge document. Upon receiving a right-to-sue letter, Davis commenced suit in Federal District Court, alleging discrimination on account of religion and retaliation for reporting sexual harassment.

After years of litigation, only the religion-based discrimination

2                    FORT BEND COUNTY v. DAVIS

Syllabus

claim remained in the case. Fort Bend then asserted for the first time that the District Court lacked jurisdiction to adjudicate Davis' case because her EEOC charge did not state a religion-based discrimination claim. The District Court agreed and granted Fort Bend's motion to dismiss Davis' suit. On appeal from the dismissal, the Court of Appeals for the Fifth Circuit reversed. Title VII's charge-filing requirement, the Court of Appeals held, is not jurisdictional; instead, the requirement is a prudential prerequisite to suit, forfeited in Davis' case because Fort Bend had waited too long to raise the objection.

*Held*: Title VII's charge-filing requirement is not jurisdictional. Pp. 5–11.

(a) The word "jurisdictional" is generally reserved for prescriptions delineating the classes of cases a court may entertain (subject-matter jurisdiction) and the persons over whom the court may exercise adjudicatory authority (personal jurisdiction). *Kontrick* v. *Ryan*, 540 U. S. 443, 455. A claim-processing rule requiring parties to take certain procedural steps in, or prior to, litigation, may be mandatory in the sense that a court must enforce the rule if timely raised. *Eberhart* v. *United States*, 546 U. S. 12, 19. But a mandatory rule of that sort, unlike a prescription limiting the kinds of cases a court may adjudicate, is ordinarily forfeited if not timely asserted. *Id.*, at 15. Pp. 5–9.

(b) Title VII's charge-filing requirement is a nonjurisdictional claim-processing rule. The requirement is stated in provisions of Title VII discrete from the statutory provisions empowering federal courts to exercise jurisdiction over Title VII actions. The charge-filing instruction is kin to prescriptions the Court has ranked as nonjurisdictional—for example, directions to raise objections in an agency rulemaking before asserting them in court, *EPA* v. *EME Homer City Generation, L. P.*, 572 U. S. 489, 511–512, or to follow procedures governing copyright registration before suing for infringement, *Reed Elsevier, Inc.* v. *Muchnick*, 559 U. S. 154, 157. Pp. 9–11.

893 F. 3d 300, affirmed.

GINSBURG, J., delivered the opinion for a unanimous Court.

2               FORT BEND COUNTY v. DAVIS

Syllabus

claim remained in the case. Fort Bend then asserted for the first time that the District Court lacked jurisdiction to adjudicate Davis' case because her EEOC charge did not state a religion-based discrimination claim. The District Court agreed and granted Fort Bend's motion to dismiss Davis' suit. On appeal from the dismissal, the Court of Appeals for the Fifth Circuit reversed. Title VII's charge-filing requirement, the Court of Appeals held, is not jurisdictional; instead, the requirement is a prudential prerequisite to suit, forfeited in Davis' case because Fort Bend had waited too long to raise the objection.

*Held*: Title VII's charge-filing requirement is not jurisdictional. Pp. 5–11.

  (a) The word "jurisdictional" is generally reserved for prescriptions delineating the classes of cases a court may entertain (subject-matter jurisdiction) and the persons over whom the court may exercise adjudicatory authority (personal jurisdiction). *Kontrick* v. *Ryan*, 540 U. S. 443, 455. A claim-processing rule requiring parties to take certain procedural steps in, or prior to, litigation, may be mandatory in the sense that a court must enforce the rule if timely raised. *Eberhart* v. *United States*, 546 U. S. 12, 19. But a mandatory rule of that sort, unlike a prescription limiting the kinds of cases a court may adjudicate, is ordinarily forfeited if not timely asserted. *Id.*, at 15. Pp. 5–9.

  (b) Title VII's charge-filing requirement is a nonjurisdictional claim-processing rule. The requirement is stated in provisions of Title VII discrete from the statutory provisions empowering federal courts to exercise jurisdiction over Title VII actions. The charge-filing instruction is kin to prescriptions the Court has ranked as nonjurisdictional—for example, directions to raise objections in an agency rulemaking before asserting them in court, *EPA* v. *EME Homer City Generation, L. P.*, 572 U. S. 489, 511–512, or to follow procedures governing copyright registration before suing for infringement, *Reed Elsevier, Inc.* v. *Muchnick*, 559 U. S. 154, 157. Pp. 9–11.

893 F. 3d 300, affirmed.

  GINSBURG, J., delivered the opinion for a unanimous Court.

PB Supple
299 Rt 87, 2C
Columbia
CT 06237

HARTFORD CT
10 FEB 2025 PM 6

Office of the Clerk
US District Court
141 Church St
New Haven, CT 06510

06510-207899